a finding of guilty on the assault counts. In his motion for new trial, he alleged that Instructions 5 and 7 were improper because they did not allege that he "knowingly" caused or attempted to cause serious physical injury. Campbell argues on appeal that the verdict-directing instructions were improper because they did not require the jury to find that he acted with a culpable mental state as required by § 565.050, RSMo 1994.[1]

The state accused Campbell of committing first degree assault by "attemp[ting] to kill or cause serious physical injury to [the victims] by shooting [them], and in the course thereof inflicted serious physical injury on [the victims]." The verdict-directing instructions follow this language and were patterned after MAI–CR 3d 319.06, not MAI–CR 3d 319.02.[2] MAI–CR 3d 319.06 is an approved instruction for first degree assault when the defendant has allegedly injured the victim. MAI–CR 3d 319.06 does not require the inclusion of "knowingly." The circuit court's instructions tracked the language of MAI–CR 3d 319.06.

"If an applicable criminal instruction is provided by MAI–CR, it is mandatory that the court give the instruction as written." State v. Moore, 882 S.W.2d 253, 262 (Mo.App.1994), cert. denied, — U.S. —, 115 S.Ct. 942, 130 L.Ed.2d 886 (1995). An instruction that is in the format of an approved instruction is not erroneous. State v. Lawson, 876 S.W.2d 770, 775 (Mo.App.1994). The notes to MAI–CR 3d 319.06 instruct the circuit court to use the instruction when it submits first degree assault by an attempt to kill or cause serious physical injury which results in injury being inflicted upon the victim. The verdict-directing instructions followed MAI–CR 3d 319.06 and were not improper.

Concerning Campbell's complaint that the instructions did not define "attempt," we note that he did not object to the instruction on this basis at the instruction conference, and he did not raise this claim in his motion

for new trial. Rule 28.03 requires a defendant to make a specific objection to the instruction before the jury retires to deliberate and in his or her motion for new trial. Without a specific objection, a claim of error in the instructions is not preserved for appellate review. See State v. Reichert, 854 S.W.2d 584, 601 (Mo.App.1993).

We can review this claim, if at all, only as plain error under Rule 30.20. State v. Berry, 916 S.W.2d 389, 395 (Mo.App.1996). This court's Eastern District rejected the same argument in State v. Moore, 882 S.W.2d 253 (Mo.App.1994). "Words are not to be defined in an instruction," the court said, "unless [they are] specifically authorized by MAI–CR 3d." Id. at 262. Because "attempt" is a term of common usage not defined by MAI–CR 3d 319.06, the Moore court ruled that no definition was necessary. Hence, we discern no basis for plain error review.

For these reasons, we affirm the circuit court's judgment of conviction.

SMART, P.J., and ELLIS, J., concur.

**Debbie WOODS, Petitioner/Respondent,**

**v.**

**Valandiss WOODS, Respondent/Appellant.**

**No. WD 52014.**

Missouri Court of Appeals,
Western District.

Dec. 31, 1996.

---

1. Section 565.050 says, "A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person."

2. The notes to MAI–CR 3d 319.02 suggest that the state may charge that a defendant has committed first degree assault either by knowingly causing serious physical injury to another or by attempting to kill or to cause serious physical injury to another and in the course thereof inflicting serious physical injury upon the victim. MAI–CR 3d 319.02 is to be submitted when a defendant is charged with first degree assault by knowingly causing serious physical injury to another.

George A. Wheeler, Kansas City, for appellant.

Debbie Woods, pro se.

Before LOWENSTEIN, P.J., and BERREY and EDWIN H. SMITH, JJ.

### ORDER

PER CURIAM.

Appeal from decree of dissolution of marriage.

Affirmed. Rule 84.16(b).

**Ronald Jess LIGHTNER, Appellant,**

v.

**Sheila Dale LIGHTNER, Respondent.**

No. WD 52600.

Missouri Court of Appeals, Western District.

Dec. 31, 1996.

Kenneth D. Hassler, Kansas City, for appellant.

Marc R.H. Joseph, Independence, for respondent.

Before LOWENSTEIN, P.J., and BERREY and EDWIN H. SMITH, JJ.

BERREY, Judge.

Petitioner, Ronald Jess Lightner, hereafter Ronald, filed a Petition for Dissolution of Marriage in the Circuit Court of Jackson County, Missouri. Sheila Dale Lightner, respondent, filed an Answer and Cross–Petition. Following a hearing on the merits which was not attended by Ronald, the Commissioner entered Findings and Recommendations. The decree was subsequently approved following the denial of the motion for rehearing by Judge Moran.

Extensive discovery ensued and eventually the case came for hearing on January 29, 1996, pursuant to respondent's notice. On January 22, 1996, Ronald's attorney filed an application to withdraw as attorney of record for Petitioner. The attorney alleged failure and refusal of Petitioner to communicate and cooperate with him and Petitioner's desire to proceed pro se as reasons for his seeking to withdraw. The application to withdraw was also noticed for hearing on January 29, 1996.

Ronald's attorney appeared on January 29, 1996, but Ronald did not appear. The Commissioner granted the application to withdraw and instructed Ronald's attorney to try to locate him as she intended to proceed and hear the matter on January 29, 1996. Ronald's attorney was unsuccessful in his attempt to locate Ronald.

The Commissioner then heard the evidence on Sheila's Cross–Petition, divided the marital property and entered detailed Findings and Recommendations. At this junc-